UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

SADIE MCKENZIE,

*Defendant*.

No. 25-CR-71 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On February 25, 2025, Jahnine Wolinsky, Kipsorn Brown, and Sadie McKenzie were indicted by a grand jury on charges of conspiracy to commit bank fraud and aggravated identity theft. (*See* Dkt. No. 2.) Wolinsky and Brown were indicted on additional charges. (*Id.*) A warrant was issued for McKenzie's arrest, (Dkt. No. 55); McKenzie was arrested pursuant to that warrant and eventually, on November 24, 2025, attorney Dennis Hickerson-Breedon appeared on behalf of McKenzie, who had retained him, (Dkt. No. 103).

On January 8, 2026, the Court held a conference at which Hickerson-Breedon appeared, albeit late. (Dkt. No. 128 at 2–3.) It appeared that he had not adequately communicated with McKenzie that she needed to be in court that day; the Court admonished counsel. (*Id.*) Months later, it was brought to the Court's attention that McKenzie wanted to be appointed new counsel, as she had apparently had a breakdown in communication with Hickerson-Breedon and did not consider him to be representing her effectively. (Dkt. No. 130.) On June 8, 2026, the Government then reached out to Hickerson-Breedon, who purportedly expressed an intention to file a letter with the Court regarding the matter of his representation. (Dkt. No. 132.) The Government says that it followed up throughout June, and that Hickerson-Breedon eventually indicated he would file a letter by Thursday, June 25, 2026, but did not do so. (*Id.* at 1.) To address the issue, the Court set a conference for July 15, 2026. (Dkt. No. 133 at 2.) The Court directed Hickerson-Breedon to attend the conference. (*Id.*)

Hickerson-Breedon, however, failed to appear at the July 15, 2026 conference. Accordingly, the Court provisionally appointed attorney Howard Tanner pursuant to the Criminal Justice Act. (*See* Dkt. No. 136; Dkt. No. 138.)

In a letter dated July 7, 2026, "apologize[d] for [his] inability to appear before the Court" that day, citing "an acute gastrointestinal illness" that "rendered [him] physically unable to appear." (Dkt. No. 141 at 1.) The Court did not hold any proceeding in this Action on July 7, 2026. (*See generally* Dkt.) Counsel represented that the relationship between himself and McKenzie "deteriorated to the point that meaningful communication no longer exist[ed]"

between the two, though he declined to disclose the specific basis for this breakdown, citing attorney-client privilege. (Dkt. No. 141 at 2.) He therefore requested that substitute counsel be appointed, or in the alternative to refund all fees previously paid by McKenzie so she would be able to retain counsel of her own choosing. (*Id.* at 1–3.)

In a memorandum endorsement on July 21, 2026, the Court stated that a conference would be held on August 4, 2026, at 2:00 PM. (*Id.* at 3.) The Court specifically instructed Mr. Hickerson-Breedon that "[f]ailure to appear could result in sanctions including contempt of court." (*Id.*) Nevertheless, on August 4, 2026, at 2:00 PM, Hickerson-Breedon did not appear.

Accordingly, it is hereby ORDERED that Hickerson-Breedon shall show cause, by no later than August 18, 2026, as to why he should not be held in contempt of court. *See, e.g.*, *Wiz Collision, LLC v. Geico Corp.*, No. 25-CV-4201, 2025 WL 2979565, at *2 (E.D.N.Y. Sept. 30, 2025) (explaining that an attorney's "failure to appear involves a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court," and therefore permits the court to "impose sanctions absent a finding of bad faith, given the court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, as well as out of concern for opposing counsel's time, and the expenditure of fees by the client" (quotation marks and citations omitted, alterations adopted)); *see also United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) (explaining a court may impose sanctions based on an attorney's "negligent or reckless failure to perform his or her responsibility as an officer of the court").

SO ORDERED.

DATED: August 4, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE